IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-118-F-3

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JUNIOR FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Raleigh Police Department assigned to a task force of the Drug Enforcement Administration. The defendant presented the testimony of the proposed third-party custodian, the uncle of defendant's girlfriend, with whom he has a child, born in May 2012. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in count two of a two-count indictment on 24 July 2012 with possession with the intent to distribute and manufacture one hundred or more marijuana plants on 7 February 2012 in violation of 21 U.S.C. § 841(a). The evidence presented at the hearing showed that defendant operated or assisted in the operation of two marijuana grow houses in this

district, one in Johnston County and one in Franklin County. The police searched both locations on the alleged offense date. 291 pounds of marijuana were found at the Johnston County location and 205 marijuana plants at the Franklin County location. Around that time, defendant apparently left the United States, of which he is a resident alien, for Cuba, of which he is a citizen, and did not return until May 2012, at which time he was arrested in Florida on state charges arising from the alleged offense conduct.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a case strong enough to obtain a conviction, including electric bills and the statement of a co-defendant tying him to the two grow houses; the drug-related nature of the offense charged; the circumstances of the offense charged, including its relative recency, the substantial quantity of marijuana involved, and the presence of multiple firearms at the Franklin County location on the date it was searched; defendant's status as the citizen of another country and his deportability if he were to be convicted; defendant's significant ties to Cuba and Florida; the danger of continued similar offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the involvement of the proposed custodian's niece in the events underlying the offense, the nature of the business (trucking) in which the proposed custodian would employ defendant, the tenuous connection of the proposed custodian to defendant, and the extent of the

risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a significant criminal record. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 9 day of August 2012.

James E. Gates
United States Magistrate Judge