IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00118-F-3
No. 5:14-CV-00089-F

| | |
|---|---|
| JUNIOR FERNANDEZ,<br>     Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br>     Respondent. | )<br>)<br>)<br>)  O R D E R<br>)<br>)<br>)<br>) |

This matter is before the court on Junior Fernandez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-146] and the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-150]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Fernandez's Motion to Vacate is DENIED, and the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment is ALLOWED.

### I. Factual and Procedural Background

On July 24, 2012, Fernandez was named in one count of a two-count superseding indictment. *See* Superseding Indictment [DE-49]. In Count Two, Fernandez was charged with possession with intent to distribute and manufacture 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a).

At Fernandez's arraignment, held on January 14, 2013, he pled guilty to Count Two pursuant to a written plea agreement [DE-103] with the Government. Fernandez's sentencing was held on July 1, 2013, and he was sentenced to 84 months' imprisonment. *See* Judgment [DE-122].

On July 10, 2013, Fernandez filed a Notice of Appeal [DE-124]. Fernandez later

voluntarily dismissed his appeal. *See* Fourth Circuit's December 23, 2013 Order [DE-144].

On February 18, 2014, Fernandez filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-146]. In his § 2255 motion, Fernandez argues that he is entitled to relief on the following grounds: (1) the Government failed to fulfill its promise that if he assisted in the prosecution of John Alexander Aldaya, his sentence would be reduced; (2) the court abused its discretion by failing to evaluate his presentence assistance and not reducing his sentence below the statutory minimum; and (3) the Government engaged in misconduct by allowing his guideline range to be enhanced three levels under U.S.S.G. § 3B1.1(b).

The Government filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-150] on April 1, 2014. Fernandez filed a Response in Opposition [DE-153].

## II. Legal Standards

### A. Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## B. Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## III. Discussion

**Fernandez has procedurally defaulted his claims.**

In his first claim, Fernandez alleges that the Government failed to fulfill its promise that if he assisted in the prosecution of John Alexander Aldaya, his sentence would be reduced. Mot. Vacate [DE-146] at 4; Mem. Law [DE-146-1] at 3-9. Fernandez alleges in his second claim that the court abused its discretion by failing to evaluate his presentence assistance and not reducing his sentence below the statutory minimum. Mot. Vacate [DE-146] at 5; Mem. Law [DE-146-1] at 9-11. In his third claim, Fernandez alleges that the Government engaged in misconduct by

3

allowing his guideline range to be enhanced three levels pursuant to U.S.S.G. § 3B1.1(b). Mot. Vacate [DE-146] at 7; Mem. Law [DE-146-1] at 11-13

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United* States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, the movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623.

Fernandez concedes that he failed to raise his first, second and third claims on direct appeal to the Fourth Circuit Court of Appeals. Mot. Vacate [DE-146] at 4, 6-7. Fernandez has failed to allege that some objective factor external to the record prevented him from raising his claims on direct appeal. Moreover, Fernandez has not alleged that he is actually innocent. Accordingly, because Fernandez has failed to demonstrate either "cause" and "actual prejudice,"

4

or that he is actually innocent, Fernandez's first, second and third claims are procedurally defaulted and must be dismissed.

## IV. Conclusion

For the foregoing reasons, Fernandez's Motion to Vacate [DE-146] is DENIED, and the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-150] is ALLOWED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Fernandez has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the _4_ day of November, 2015.

                                                *James C. Fox*
                                                James C. Fox
                                                Senior United States District Judge